Filed 7/22/22  P. v. Barkacs CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE, | D080095 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE234361) |
| JAMES ROBERT BARKACS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Daniel G. Lamborn, Judge.  Affirmed.

Jeanine G. Strong, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

This is an appeal from the denial of Barkacs's second petition for resentencing under Penal Code section 1172.6.[1]  In both cases, the record showed Barkacs was the sole perpetrator of the offense and was the actual killer.  Thus, he failed to establish a prima facie case for relief under the statute.

PROCEDURAL BACKGROUND

In 2005, a jury convicted Barkacs of first degree murder (Pen. Code,[2] §§ 187, subd. (a)), carjacking (§ 215, subd. (a)), and arson (§ 451, subd. (d)).  The jury also found true the special circumstance of murder during the commission of carjacking (§ 190.2, subd.(a)(17)).  Barkacs was sentenced to life without parole, plus three years in prison.

Barkacs appealed and this court affirmed in an unpublished opinion. (*People v. Barkacs* (Nov. 30, 2006, D046201).)

In January 2019, Barkacs filed his first petition for resentencing under section 1172.6.  The petition was denied for failure to state a prima facie case for relief.  Barkacs appealed and this court affirmed the denial in an unpublished opinion.  (*People v. Barkacs* (Apr. 9, 2021, D078073).)

In January 2022, Barkacs filed the current, second, petition for resentencing.  The trial court, again, denied the petition for failure to state a prima facie case and because it was a second petition for the same relief for the same sentence.

---

[1]    Barkacs brought his motion under former Penal Code section 1170.95, which was renumbered as Penal Code section 1172.6 without substantive change on June 30, 2022. (See Stats. 2022, ch. 58 (Assem. Bill 200), § 10, eff. June 30, 2022.)  As such, we refer to the subject statute by its current number throughout this opinion.

[2]    All further statutory references are to the Penal Code.

Barkacs again filed a timely notice of appeal.

## DISCUSSION

As we have noted counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified an issue that was considered in evaluating the potential merits of this appeal: Whether the trial court erred in concluding Barkacs was ineligible for resentencing under section 1172.6.

We have reviewed the entire record as required by *Wende* and *Anders.* We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Barkacs on this appeal.

## DISPOSITION

The order denying Barkacs's second petition for resentencing under section 1172.6 is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

IRION, J.

BUCHANAN, J.

3